Porter, J.,
delivered the opinion of the court.
This case presents for decision the question whether owners of a vessel, are responsible for an injury arising from *224 her not being sufficiently staunch and tight to carry thé cargo safely.
Although all proper care and diligence be used by the master and owner in preparing the vessel for the voyage and in rendering her sound and staunch, still they are responsible if in truth she was not so.
On the trial the counsel for the defendants attempted to place the responsibility, on the ground of care and diligence, on the part of the owners and master, and contended if these were shown, they were not liable although the vessel might be defective. But the judge in his charge to the jury refused to sustain this view of the obligations of the defendants, and told them though the owners and master might have shown they used all proper care and diligence in preparing the vessel for the voyage, and in rendering her sound and staunch, still they were responsible if in truth she was not so.
The judge, we apprehend, charged the jury correctly. This case, we think, depends upon principles not necessarily those which measure and fix the care and diligence the master is compelled to use, after the cargo is placed under his control. By the common law of England, a rule was established, on considerations of public policy, that common carriers are responsible for every thing except the act of God and the king’s enemies; but a disposition has lately been shown in Some of our sister states to relax this doctrine. By the positive law of Louisiana, the responsibility of carriers is placed on very different grounds; they are liable only for the loss or damage arising from accidental and uncontrollable events. Be this as it may, the authorities on this branch of the law seem greatly to preponderate in support of the position assumed by the appellees, that the owner is responsible for all defects in the vessel. And this doctrine prevails in countries where the obligations of the common carrier do not extend to every thing except the act of God and the king’s enemies. Valin states it to be the law of France, although before the departure of the vessel she is examined. Emerigen cites, with approbation, this doctrine, and sanctions it. And in England and the United States, a similar rule is well settled. Pothier held a different opinion if the vessel was officially visited before she received her freight; but his views do not appear to have been adopted in France, and *225 the observations of chief justice Abbott in relation to them, seem to us satisfactory. If the contract of affreightment can be correctly assimilated, as it sometimes is, to the ordinary letting for hire, the principle which holds the owner responsible for defects in the thing of which he was ignorant, derives considerable support from a provision in our code, which makes the lessor guaranty to the lessee, all defects of the thing which may prevent the use for which it is hired. Lou. Code, 2665, 2725. 2 Kent's Com. 472. 3 Id. 161. Story’s Abbott (ed. 1829), 218—9. 2 Valin, liv. 3, tit. 3, no. 12. Emer. vol. 1, ch. 12, § 38, PP. 579-80.
Lockett, for appellants.
Strawbridge, for appellees.
It is, therefore, ordered, adjudged, and decreed, that the judgement of the Parish Court be affirmed, with costs.